**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HOGAN LOVELLS US LLP,<br><br>    Petitioner,<br><br>  v.<br><br>ISLAMIC REPUBLIC OF AFGHANISTAN AND ISLAMIC EMIRATE OF AFGHANISTAN, AS SUCCESSOR IN INTEREST,<br><br>    Respondents. | Civil Action No. _____ |

## PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

Petitioner, Hogan Lovells US LLP ("Hogan Lovells"), alleges and avers as follows in support of its petition for entry of an order pursuant to 9 U.S.C. §§ 201, 202, and 207: (i) confirming and recognizing the final arbitral award (the "Award") in the arbitration between Petitioner and Respondents the Islamic Republic of Afghanistan (the "Republic") and the Islamic Emirate of Afghanistan, as successor in interest (the "Emirate" and, collectively with the Republic, "Afghanistan"), captioned *Hogan Lovells US LLP v. Islamic Republic of Afghanistan and Islamic Emirate of Afghanistan, as Successor in Interest*, Arbitration Award (Dec. 22, 2022); (ii) entering judgment in Petitioner's favor against Respondents in the amount of the Award with interest and costs as provided therein, plus the costs of this proceeding; and (iii) awarding Hogan Lovells such other and further relief as the Court deems just and proper.

## PARTIES, JURISDICTION, AND VENUE

1. Petitioner Hogan Lovells is a law firm organized as a limited liability partnership under the laws of Delaware with a location in New York at 390 Madison Avenue, New York, New York 10019.

2. Respondents are the Republic and the Emirate. Respondent Republic was the ruling government of the state of Afghanistan during the period 2001 – 2021. Respondent Emirate is the current ruling government of the state of Afghanistan. Respondent Emirate became the ruling government of the state of Afghanistan in 2021 and is the successor in interest to the Republic.

3. Afghanistan is a "foreign state" under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a). Afghanistan is not immune from the jurisdiction of this Court because the FSIA denies immunity to a foreign state in an action to enforce an international commercial arbitration award. Specifically, 28 U.S.C. § 1605(a)(6) provides that a foreign state shall not be immune from any case "either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, ***or to confirm an award made pursuant to such an agreement to arbitrate***, if (A) the arbitration takes place or is intended to take place in the United States …[or] (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards." (emphasis added).

4. In this proceeding, Petitioner seeks confirmation and recognition of an arbitral award issued in an arbitration that took place in Washington, D.C. from October 25-26, 2022. The arbitration occurred pursuant to an agreement between the Republic and Petitioner as stipulated in Petitioner's Engagement Letter to the Republic dated November 12, 2018. The arbitration was administered by the American Arbitration Association ("AAA") and conducted pursuant to the UNCITRAL Arbitration Rules. The arbitration tribunal issued the Award on December 22, 2022 in the amount of $1,178,933.23, $74,805.74 in accrued pre-Award interest, post-Award interest

accrued until satisfaction of the Award at $206.09 per day, $502,058.86 for arbitration costs, and additional post-Award interest of $82.53 per day until the Award is satisfied.

5. This Court has original subject matter jurisdiction over this proceeding to confirm and recognize the Award pursuant to 9 U.S.C. § 203, which provides that the United States District Courts have original subject matter jurisdiction, regardless of amount in controversy, over a proceeding governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention").  This proceeding is governed by the New York Convention because the underlying arbitration was a non-domestic commercial arbitration involving a foreign respondent.  This Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a), which provides that district courts shall have original jurisdiction of any nonjury civil action against a foreign state as defined in 28 U.S.C. § 1603(a) with respect to which the foreign state is not entitled to immunity under 28 U.S.C. §§ 1605-1607 or any applicable international agreement.  As shown above, 28 U.S.C. § 1605(a) provides that Afghanistan is not entitled to immunity because this is a proceeding to confirm an arbitral award rendered pursuant to an arbitration agreement governed by the New York Convention.

6. Venue in this Court is proper pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(f).

7. This Court has personal jurisdiction over Afghanistan pursuant to 28 U.S.C. § 1330(b), which provides that personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection 28 USC § 1330(a) where service has been made under 28 U.S.C. § 1608.

**FACTUAL BACKGROUND**

8. Documents relevant to this petition are authenticated by and attached as exhibits to the accompanying Declaration of Dennis H. Tracey, III, dated July 22, 2024 ("Tracey Declaration" or "Tracey Decl."). A copy of the Award is attached to the Tracey Declaration as Exhibit 1.

9. Petitioner began providing pro bono legal services to the Republic in 2015. Tracey Decl., Ex. 1 at ¶ 36. Once the Republic wanted to engage Petitioner on larger matters, the parties began to work on an Engagement Letter in 2018. *Id*. The parties agreed to a fee billing arrangement where Hogan Lovells would bill 50% of its time to the Republic and consider the other half as pro bono. *Id*. at ¶ 38. The Republic approved, and subsequently signed an updated Engagement Letter on January 7, 2019. *Id*. at ¶ 40.

10. Thereafter, the Republic requested that Hogan Lovells take on new matters as they arose, usually through email communications, but also in-person or on phone calls. *Id*. at ¶ 41. Work on the new matters was performed under the terms of the Engagement Letter. *Id*.

11. In late 2019, Hogan Lovells was engaged to handle a litigation brought against the Republic pending in the United States District Court for the Southern District of New York by a victim of the September 11 attacks. *Id*. at ¶ 42. Mr. Tracey, based in Hogan Lovells' New York office, became the partner in charge of this matter. *Id*. On or about October 6, 2020, the Republic transferred all outstanding matters handled by another firm to Hogan Lovells, from which point Mr. Tracey oversaw the majority of international legal services provided for the Republic. *Id*. at ¶ 44.

12. At the Republic's urging, Petitioner hired Afghan Knowledge Solutions ("AKS") to serve as local counsel to help with Afghan law and to meet with government officials in Kabul

as needed. *Id*. at ¶ 45.  Petitioner entered into a Cooperation Agreement with AKS on January 5, 2021. *Id*.

13. In August 2021, Petitioner received invoices for services rendered by AKS until that date.  Those invoices were not passed along to the Republic, and they remain outstanding in the amount of $48,412.87. *Id*.

14. For the next several months, Petitioner continued providing legal services to the Republic on a variety of matters without incident or interruption.  In total, the Republic paid Petitioner $1,048,067.20 for legal services provided under the Engagement Letter.[1]  Neither the Republic, nor the Emirate, have made payments to Petitioner after December 2019. *Id*. at ¶ 47.

15. On August 15, 2021, Taliban forces entered Kabul, the capital of the Republic, and eventually established a government, the Islamic Emirate of Afghanistan, which is the government of Afghanistan today. *Id*. at ¶ 54.

16. Shortly thereafter, Petitioner ceased representing the Republic—and the Emirate—and, as of November 10, 2021, had withdrawn from all matters in which Hogan Lovells had entered an appearance. *Id*. at ¶ 48.

17. By the end of Petitioner's representation of Respondents, Petitioner had invoiced Respondents with open balances on 17 matters. *Id*. at ¶ 49.

18. According to Article 14 of the General Terms of Representation of the Engagement Letter, "[t]he parties agree to final binding arbitration regarding any disputes or claims of any type or nature with respect to services rendered pursuant to this engagement letter, including, without limitation, disputes or claims related to legal fees for such services." *Id*. at ¶ 11.

---

[1] The Republic paid Hogan Lovells $231,509.99 in April 2019, $136,105.01 in October 2019, $158,139.06 in December 2019, and $522,413.14 over the course of two payments in May 2020. *Id*. at ¶ 46.

5

19. Petitioner commenced an arbitration before a sole arbitrator (the "Arbitrator") appointed by the AAA, and in accordance with the UNCITRAL Rules, on December 6, 2021. *Id.* at ¶¶ 15, 18.

20. Respondents did not appear in the arbitration proceeding. *Id.* at ¶ 9. However, as set forth in the Award, all notices from the Petitioner and Arbitral Tribunal were served via email on: Wali Haqmal, Ministry of Finance, Government of Afghanistan, Pashtunistan Watt, Kabul, Islamic Emirate of Afghanistan, wali.haqmal@mof.gov.af. *Id.* Additionally, Petitioner and the Arbitral Tribunal sent communications about the arbitration to iprd@ago.gov.af. *Id.* at ¶ 10.

21. In accordance with the Arbitrator's Procedural Order No. 1, Petitioner filed its Statement of Claim on June 1, 2022. *Id.* at ¶ 25.

22. The Arbitrator conducted a two-day, in-person hearing on the merits in Washington, D.C. on October 25-26, 2022. *Id.* at ¶ 29.

23. On November 29, 2022, per the Arbitrator's Procedural Order No. 4, Petitioner filed its Submission on Costs and Interest. *Id.* at ¶ 31.

24. On December 22, 2022, the Arbitrator issued an Award. *See generally id.*

25. The Arbitrator found in favor of Petitioner, and the Award provides that Respondents must pay Hogan Lovells the amount of $1,178,933.23 plus $74,805.74 in pre-Award interest, *i.e.*, a total of $1,253,738.97 together with additional post-Award interest of $206.09 per day until the Award is satisfied. *Id.* at 32.

26. The Award further ordered Respondents to pay $502,058.86 for arbitration costs together with additional post-Award interest of $82.53 per day until the Award is satisfied. *Id.*

27. No grounds exist for this Court to refuse confirmation and recognition of the Award.

28. Respondents are not entitled to immunity in this proceeding because it is a proceeding to confirm an arbitral award.  *See* 28 U.S.C. § 1605(a)(6).

WHEREFORE, Petitioner HOGAN LOVELLS respectfully requests that this Court enter an order and judgment, pursuant to 9 U.S.C. §§ 201, 202, and 207:  (i) confirming and recognizing the final arbitral Award; (ii) entering judgment in favor of HOGAN LOVELLS and against the Republic and the Emirate in the amount of the Award with the interest and costs as provided therein, plus the costs of this proceeding; and (iii) awarding HOGAN LOVELLS such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: July 22, 2024 | **HOGAN LOVELLS US LLP** |
| | */s/ Dennis H. Tracey, III* |
| | Dennis H. Tracey, III |
| | 390 Madison Avenue |
| | New York, NY 10017 |
| | Tel: (212) 918-3000 |
| | Fax: (212) 918-3100 |
| | dennis.tracey@hoganlovells.com |
| | |
| | *Counsel for Petitioner Hogan Lovells US LLP* |