UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
            :
HOGAN LOVELLS US LLP,            :
            :
          Petitioner,    :    24-CV-5541 (AS)
            :
    -v-    :    AMENDED
            :    MEMORANDUM OPINION
            :    AND ORDER[1]
ISLAMIC EMIRATE OF AFGHANISTAN, as Successor :
in Interest, and ISLAMIC REPUBLIC OF            :
AFGHANISTAN,            :
            :
          Respondents.    :
            :
------------------------------------------------------------------------X

ARUN SUBRAMANIAN, United States District Judge:

      On July 22, 2024, Petitioner filed a Petition to Confirm Arbitration. ECF No. 1. On July 24, 2024, the Court set a briefing schedule for Petitioner's submission of any additional materials in support of the Petition, Respondents' opposition, and Petitioner's reply. ECF No. 7. Petitioner served Respondents with the Petition, supporting materials, and the briefing schedule. ECF No. 21. Pursuant to the briefing schedule, which was updated to reflect several extensions, *see* ECF Nos. 9, 20, Respondents' opposition was due no later than **November 26, 2024**. ECF No. 20. To date, Respondents have neither responded to the petition nor otherwise sought relief from the Award.

      The Court must treat the Petition, even though unopposed, "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr. Corp.*, 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (discussing in depth the legal standards for resolving unopposed petitions to confirm arbitration awards). After reviewing the petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at *3 (internal quotation marks omitted). Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award.

---

[1] The Court issues this Amended Opinion and Order to update the previous Opinion and Order in light of Petitioner's submission of new documentation related to its request for the award of attorneys' fees and costs, and to clarify applicable rates for the awards of interest.

The Court also awards Petitioner's requested fees and costs. *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." (internal quotation marks omitted)). Here, Petitioner has met its burden of proving the reasonableness and necessity of fees and costs incurred.

The Court grants Petitioner's request for post-Award, pre-judgment interest at a rate of six percent, which is the rate set by the arbitrator. *See Waterside Ocean Navigant Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984) (adopting a "presumption in favor of pre-judgment interest"); *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Vrex Constr.*, 2022 WL 19786, at *1 (S.D.N.Y. Jan. 3, 2022) (collecting cases in which courts have granted pre-judgment interest at the rate set by the arbitrator).

To the extent the arbitrator's award of post-Award interest seeks to set the interest rate for post-judgment interest, the Court is bound by 28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and apply to actions to confirm arbitration awards, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004). Even when arbitrators set post-judgment interest rates, § 1961's statutory rate prevails. *See id.* at 101 (concluding that § 1961 was "aimed . . . at precluding district courts from . . . adopting an interest rate set by arbitrators"). The Court therefore awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

Accordingly, the Court grants Petitioner's unopposed petition to confirm the entire Award. Petitioner is directed to file an updated Proposed Judgment that conforms with this Opinion and Order, using the ECF Filing Event "Proposed Judgment," by no later than **January 30, 2025**.

The Clerk of Court is respectfully directed to strike Dkt. 22.

SO ORDERED.

Dated: January 24, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge